IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC COLD STORAGE, a Hawaii registered limited partnership; 50TH STATE POULTRY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC.; T. DEAN MOTES, <br><br> Defendants. <br> _____ <br><br> REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC., <br><br> Counterclaimant, <br><br> vs. <br><br> PACIFIC COLD STORAGE, a Hawaii registered limited partnership; 50TH STATE POULTRY, INC., <br><br> Counterclaim Defendants. <br> _____ | Civil No. 20-00165 SOM-KJM <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT/COUNTERCLAIMANT REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC.'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT/COUNTERCLAIMANT REFRIGERATION
SYSTEMS CONSTRUCTION AND SERVICE CO., INC.'S BILL OF COSTS

On April 20, 2022, Defendant/Counterclaimant Refrigeration Systems Construction and Service, Co., Inc. ("Defendant") filed its Bill of Costs. ECF No. 117. On April 27, 2022, Plaintiffs/Counterclaim Defendants Pacific Cold Storage and 50th State Poultry, Inc. (collectively, "Plaintiffs") filed their Objection to the Bill of Costs. ECF No. 118. Defendant did not file a reply.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the Bill of Costs, the parties' memoranda, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Bill of Costs as set forth below.

BACKGROUND

Plaintiff Pacific Cold Storage owns and operates a cold storage facility in Pearl City, Hawaii. Plaintiff 50th State Poultry, Inc. owns and operates a business from the same cold storage facility. Defendant and Defendant T. Dean Motes (collectively, "Defendants") are engaged in the business of refrigeration system construction and repair. This case concerns the circumstances surrounding the parties' contract, whereby Defendants agreed to complete specified upgrades and retrofits to the refrigeration system at the cold storage facility.

2

Defendant prevailed on certain of its claims and counterclaims at trial. On April 6, 2022, the district court entered judgment in favor of Defendant. ECF No. 116. On April 20, 2022, Defendant timely filed its Bill of Costs. Defendant included in support of the Bill of Costs a memorandum, a declaration by Defendant's counsel, Addison D. Bonner, Esq. ("Bonner Declaration"), and invoices reflecting the subject costs.

## DISCUSSION

Defendant requests $14,697.13 in costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Rule 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Thus, Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

While courts have discretion to award costs pursuant to Rule 54(d), "courts may tax only those costs defined in 28 U.S.C. § 1920." *Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (other citations omitted) (citing *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that a federal court may tax as costs under the

discretionary authority found in Rule 54(d))). Section 1920 enumerates costs taxable to the prevailing party:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant's Bill of Costs seeks an award of costs for deposition transcripts, filing and service fees, and photocopying. The Court addresses Defendant's specific requests below.

I. Deposition Transcripts

Defendant requests $12,859.73 for deposition transcript costs. Section 1920(2) allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). To recover costs, however, a party must comply with the requirements set forth in Local Rule 54.1:

4

> [The Bill of Costs] must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law. *The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs and the results of such a conference or explain why the conference was not held.*

LR54.1(c) (emphasis added). Local Rule 54.1(a) provides: "Non-compliance with any provision of LR54.1 shall be deemed a waiver of costs."

The Bonner Declaration indicates that Defendant's counsel did not meet and confer with Plaintiffs' counsel before filing the Bill of Costs: "On the evening of April 19, 2022, I emailed both of Plaintiffs' counsel of record, noting my intention to file a bill of costs today [April 20, 2022], and seeking to meet and confer today. I did not receive a response before the time of filing." ECF No. 117-2 at 5 ¶ 10. The Court finds that sending opposing counsel an email request to meet and confer the evening before filing does not satisfy the requirements of Local Rule 54.1(c).

In addition, Local Rule 54.1 limits an award for transcript costs to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case . . . ." LR54.1(f)(2). The Court has carefully reviewed the invoices related to Defendant's request for deposition transcript costs and notes that such invoices appear to include other, non-compensable costs. For example, Defendant requests $2,815.03 for the records deposition of HCA Consulting Group International as follows:

5

| | |
|---|---:|
| Original & 1 Copy of Transcript | $29.40 |
| Original & 1 Copy of Records | $1,437.60 |
| Original & 1 Color Copies | $715.50 |
| Appearance Fee | $75.00 |
| Binding Fee | $7.50 |
| Electronic Files | $25.00 |
| Hard Copy/Electronic Retention Fee | $136.40 |
| Notary Services | $51.00 |
| Postage Fee | $1.40 |
| Process Service & Witness Fee | $92.00 |
| SUBTOTAL | $2,570.80 |
| TAX | $244.23 |
| **TOTAL** | **$2,815.03** |

ECF No. 117-4 at 19. Defendant does not explain why it is entitled to the expenses listed in addition to the transcript costs, such as fees for appearance, binding, electronic files, retention, notary services, and postage.[1]

Based on Defendant's counsel's failure to satisfy the meet-and-confer obligation under Local Rule 54.1(c), and given that the Court cannot readily discern from Defendant's submissions which of its costs are properly compensable, the Court finds that Defendant fails to establish that it is entitled to an award for deposition transcript costs. The Court thus recommends that the district court deny the Bill of Costs as to Defendant's request for such costs.

---

[1] The Court makes no specific finding as to which of these costs, or any of the other costs listed in the foregoing chart, are compensable under Local Rule 54.1.

6

II.     Filing and Service Fees, Photocopying Costs

Defendant requests $400 for filing fees, $506.95 for service fees, and $930.45 for photocopying costs.  *See* ECF No. 117-1 at 3, 5.  Plaintiffs do not object to these requests.

Section 1920(1) allows recovery for "[f]ees of the clerk and marshal[.]"  28 U.S.C. § 1920(1).  Pursuant to Local Rule 54.1(f), "[f]ees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."  LR54.1(f)(1).  Copying costs are taxable under § 1920.  *See* 28 U.S.C. § 1920(3), (4).

Based on Defendant's submissions, and given the lack of objection from Plaintiffs, the Court finds that the filing fees are compensable and the service fees were reasonably required and actually incurred.  The Court also finds that the copying costs are reasonable and the related copies were necessarily obtained for use in the case.  The Court thus recommends that the district court award Defendant $1,837.40 for filing fees, service fees, and photocopying costs.[2]

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Bill of Costs.

---

[2] This amount consists of:  (1) $400 for filing fees; (2) $506.95 for service fees; and (3) $930.45 for photocopying costs.

Specifically, the Court RECOMMENDS that the district court tax costs in favor of Defendant as follows:

| | | |
|---|---|---|
| (A) | Filing Fees | $400.00 |
| (B) | Service Fees | $506.95 |
| (C) | Photocopying Costs | $930.45 |
| | **TOTAL** | **$1,837.40**[3] |

The Court RECOMMENDS that the district court deny Defendant's request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 12, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Pacific Cold Storage, et al. v. Refrigeration Sys. & Constr. Co. Inc., et al.*, Civil No. 20-00165 SOM-KJM: Findings and Recommendation to Grant in Part and Deny in Part Defendant/ Counterclaimant Refrigeration Systems Construction and Service, Co., Inc.'s Bill of Costs

---

[3] This amount includes applicable general excise tax to the extent Defendant requested such tax in the Bill of Costs.