IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC COLD STORAGE, a Hawaii registered limited partnership; 50TH STATE POULTRY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC.; T. DEAN MOTES, <br><br> Defendants. <br> _____ <br><br> REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC., <br><br> Counterclaimant, <br><br> vs. <br><br> PACIFIC COLD STORAGE, a Hawaii registered limited partnership; 50TH STATE POULTRY, INC., <br><br> Counterclaim Defendants. <br> _____ | Civil No. 20-00165 SOM-KJM <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS/COUNTERCLAIM-ANTS REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC. AND T. DEAN MOTES' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS/COUNTERCLAIMANTS REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC. AND T. DEAN MOTES' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

On May 25, 2022, Defendants/Counterclaimants Refrigeration Systems Construction and Service, Co., Inc. ("RSCS") and T. Dean Motes ("Motes") (collectively, "Defendants") filed a Motion for an Award of Attorneys' Fees and Costs ("Motion").[1]  ECF No. 121.  On June 1, 2022, Plaintiffs/Counterclaim Defendants Pacific Cold Storage ("PCS") and 50th State Poultry, Inc. (collectively, "Plaintiffs") filed their Memorandum in Opposition to the Motion ("Opposition").  ECF No. 123.  On June 8, 2022, Defendants filed their Reply.  ECF No. 124.

The Court elects to decide this matter without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the Motion, the parties' memoranda, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Motion as set forth below.

BACKGROUND

PCS owns and operates a cold storage facility in Pearl City, Hawaii. Plaintiff 50th State Poultry, Inc. owns and operates a business from the same cold

---

[1] The Court notes that, despite its title, the Motion does not contain a request for costs.

2

storage facility.  Defendants are engaged in the business of refrigeration system construction and repair.  This case concerns the circumstances surrounding the parties' contract, whereby Defendants agreed to complete specified upgrades and retrofits to the refrigeration system at the cold storage facility.

Plaintiffs' Complaint asserted three claims against Defendants:  (1) Count I—negligence; (2) Count II—breach of contract; and (3) Count III—rescission.  RSCS' Counterclaim asserted counterclaims for:  (1) breach of contract against PCS; and (2) unjust enrichment against Plaintiffs.

During trial, the district court granted Defendants' motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, as to Plaintiffs' negligence claims against Defendants.  *See* ECF No. 107.  According to Defendants, at that time, Plaintiffs withdrew their breach of contract claim against Motes.  *See* ECF No. 121 at 2 n.1, 6 n.2.  The jury subsequently found in favor of RSCS as to Plaintiff's breach of contract claim and RSCS' breach of contract counterclaim.  *See* ECF No. 110.

On March 24, 2022, after the trial, the district court directed the parties to indicate whether they intended to proceed with their respective equitable relief claims.  *See* ECF No. 111.  On March 25, 2022, RSCS withdrew its unjust enrichment counterclaim.  *See* ECF No. 112.  On March 26, 2022, Plaintiffs indicated that they intended to proceed with their rescission claim.  *See* ECF No.

113. On April 5, 2022, the district court denied Plaintiffs' request for equitable relief.  See ECF No. 115.

On April 6, 2022, the district court entered judgment in favor of Defendants. ECF No. 116.  On May 25, 2022, Defendants timely file the instant Motion. Defendants include in support of the Motion a memorandum, a declaration by Defendant's counsel, Addison D. Bonner, Esq. ("Bonner Declaration"), the parties' Joint Statement pursuant to Local Rule 54.2(e), and time entries showing work expended by Defendants' attorneys.

## DISCUSSION

I.  Hawaii Revised Statutes § 607-14

Hawaii Revised Statutes ("HRS") § 607-14 requires a court to award attorneys' fees to the prevailing party in certain contract actions:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; . . . provided that this amount shall not exceed twenty-five per cent of the judgment.

The Hawaii Supreme Court has interpreted HRS § 607-14 as providing for an attorneys' fees award in three types of cases:  "(1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." *Eastman v. McGowan*, 86 Haw. 21, 31, 946 P.2d

4

1317, 1327 (1997).  "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *808 Dev., LLC v. Murakami*, 111 Haw. 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphasis, and internal quotations marks omitted); *see also Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes all possible contract claims." (citation and internal quotation marks omitted)).  A court awarding attorneys' fees pursuant to HRS § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable.  *See Blair v. Ing*, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001).

Plaintiffs asserted a breach of contract claim against RSCS, and RSCS asserted a breach of contract counterclaim against Plaintiffs.  Plaintiffs do not dispute that breach of contract claims are in the nature of assumpsit.  The Court finds that Plaintiffs' breach of contract claim and RSCS' breach of contract counterclaim are clearly in the nature of assumpsit, and thus RSCS is entitled to an award of attorneys' fees under HRS § 607-14.  *See Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1271 (D. Haw. 2013) (other citation omitted) (citing *Helfand*, 105 F.3d at 537).

Plaintiffs do not argue that the Court should apportion the requested fees between assumpsit and non-assumpsit claims.  Based on the allegations in the

5

Complaint, the Court finds that the three claims in Plaintiffs' Complaint were inextricably linked to Plaintiffs' breach of contract claim. The Court thus also finds that apportionment between assumpsit and non-assumpsit claims is not practicable. *See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, Civil No. 09-00181 LEK-KSC, ECF No. 756 at 18 (filed Dec. 29, 2014), *adopted by* 2015 WL 881577 (D. Haw. Feb. 27, 2015) (citing *Blair v. Ing*, 96 Haw. 327, 333, 31 P.3d 184, 190 (2001) ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim . . . , we should hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims.")).[2]

The Court notes that the Motion seeks an award of fees on behalf of Defendants, though only RSCS prevailed on Plaintiffs' breach of contract claim. According to Defendants, Plaintiffs voluntarily withdrew their breach of contract claim against Motes during the trial. The Court finds that, based on the record before it, Defendants fail to establish that Motes is a prevailing party for purposes of HRS § 607-14 such that he is entitled to an award of attorneys' fees. The Court thus recommends that the district court deny the Motion to the extent it seeks an award of fees for Motes.

---

[2] The magistrate judge's findings and recommendation to grant in part and deny in part the motion for attorneys' fees in *BlueEarth* is also set forth in 2015 WL 881577.

II.     Attorneys' Fees Award

RSCS seek an award of attorneys' fees in the amount of $215,863.79, which includes Hawaii general excise tax (4.712%) ("GET").[3]  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

A.      Reasonable Hourly Rates

When determining a reasonable hourly rate, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation.  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)).

---

[3]  The Motion states that RSCS seeks an award of fees in the amount of $210,989.44 based, in part, on 267.3 hours expended by Addison D. Bonner, Esq.  The Court notes that RSCS appears to have miscalculated the hours expended by Mr. Bonner and, therefore, the total amount requested.  Based on Mr. Bonner's time entries submitted in support of the Motion, the Court finds that Mr. Bonner expended 279.6 hours.  The Court revises the total fee request accordingly to $215,863.79.

The relevant community is the forum in which the district court sits. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Hensley*, 461 U.S. at 433) (citation omitted). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citation omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - - in addition to the attorney's own affidavits - - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Camacho*, 523 F.3d at 980. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." *Roberts*, 938 F.3d at 1023 (internal quotations omitted) (citing *Camacho*, 523 F.3d at 980). In addition, when determining the reasonable hourly rate, "[d]istrict courts

8

may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Sam K. ex rel. Diane C.*, 788 F.3d at 1041 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

RSCS seeks an hourly rate of $350 for work performed by Addison Bonner, Esq. RSCS also seeks an hourly rate of $200 for work Trevor N. Tamashiro, Esq., performed from March 2021 through June 2021 and $250 for work Mr. Tamashiro performed from July 2021 through April 2022. According to the Bonner Declaration, Mr. Bonner and Mr. Tamashiro have over twelve and eleven years of litigation experience, respectively. Plaintiffs do not dispute the requested hourly rates.

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. Based on the Court's knowledge of this community's prevailing rates for attorneys of comparable skill, experience, and reputation, the Court's familiarity with this case, the Bonner Declaration, and Plaintiffs' lack of objection, the Court finds that the requested hourly rates are reasonable. The Court thus recommends that the district court award: (1) Mr. Bonner an hourly rate of $350; and (2) Mr. Tamashiro an hourly rate of: (a) $200 for work performed from March 2021 through June 2021; and (b) $250 for work performed from July 2021 through April 2022.

B.  Number of Hours Reasonably Expended

The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Hensley*, 461 U.S. at 437; *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm. Mut. Auto. Ins. Co.*, 821 F. Supp. 693, 636 (D. Haw. 1993) (citations omitted).

The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Gates*, 987 F.2d at 1397–98. Notwithstanding this burden on the opposing party, the Court has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *Irwin v. Astrue*, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)).

RSCS requests 279.6 hours expended by Mr. Bonner and 444.7 hours expended by Mr. Tamashiro. ECF no. 121 at 3. Plaintiffs do not oppose the requested hours based on any specific time entry or group of time entries by

RSCS' attorneys. Rather, Plaintiffs argue that the requested hours were not reasonably expended given that Defendants only incurred the associated fees because Defendants failed to settle the case. *See* ECF No. 123 at 6–7.

Plaintiffs contend that between September 4, 2020, and June 28, 2021, the parties participated in five court-conducted settlement conferences and one private mediation. *Id.* at 6. Plaintiffs claim that Defendants "bypassed, ignored, and disregarded" Plaintiffs' settlement offers at these proceedings. *Id.* Plaintiffs thus argue that the "entire action should have been avoided . . . [and Defendants] should not be rewarded for incurring self imposed [sic] fees." *Id.* at 7.

Plaintiffs fail to meet their burden of rebuttal as to the reasonableness of the fees incurred based on an allegation that Defendants should have settled the case earlier. Though the Court will not divulge confidential settlement discussions, it is very familiar with the parties' respective settlement positions. It is enough to say here that *both* sides were confident in their positions on the merits. Rather than settle, RSCS made an informed, strategic decision to proceed to trial on Plaintiffs' breach of contract claim and RSCS' breach of contract counterclaim. Plaintiffs do not dispute that RSCS prevailed on these claims. *See* ECF No. 121-2 at 7 ¶ 19. While the Court agrees that a party should not be rewarded for incurring self-imposed fees, that is not the case here. Under the circumstances, RSCS was within

its rights forego early settlement and proceed with trial.  The Court thus finds that Plaintiffs fail to establish the requested hours were not reasonably expended.

The Court has carefully reviewed the time entries by Mr. Bonner and Mr. Tamashiro in support of the Motion.  *See* ECF Nos. 121-3, 121-5.  The Court finds that the hours claimed therein were reasonably necessary to achieve the results obtained.  The Court thus recommends that the district court award 279.6 hours for Mr. Bonner and 444.7 hours for Mr. Tamashiro.

C.  Total Lodestar Calculation

The following is a breakdown of this Court's findings as to attorneys' fees:

| Timekeeper | Rate | Hours | Total Award |
|---|---|---|---|
| Addison D. Bonner, Esq. | $350 | 279.6 | $97,860.00 |
| Addison D. Bonner, Esq. | $250 | 387 | $96,750.00 |
| Trevor N. Tamashiro, Esq. | $200 | 57.7 | $11,540.00 |
| | | SUBTOTAL | $206,150.00 |
| | | GET 4.712% | $9,713.79 |
| | | **TOTAL** | **$215,863.79** |

The Court notes that Plaintiffs do not request apportionment between RSCS and Motes.  In any case, the Court finds the above amounts reasonable and compensable as to RSCS and declines to adjust the lodestar amount.  Accordingly, the Court recommends that the district court award RSCS $215,863.79 for attorneys' fees incurred in this matter.

D.     Twenty-Five Percent Limitation Under HRS § 607-14

HRS § 607-14 limits recovery of attorneys' fees to 25% of the judgment. Regarding Plaintiffs' breach of contract claim, "[b]ecause Defendant obtained judgment in this action, the 25% limitation should be based on the amount sued for." *Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1273 (D. Haw. 2013). In the Complaint's allegations specific to Plaintiffs' breach of contract claim, Plaintiffs appear to allege that they suffered damages in the amount of $717,971.51 "and such further and other amounts as shall be proven at trial." ECF No. 1-1 at 11 ¶ 50(A); *see also id.* at ¶¶ 46, 50.

"When the complaint does not specify the total amount sought in relief, courts have looked to other filings." *Adon Construction, Inc. v. Renesola Am. Inc.*, CIV. NO. 16-00568 JAO-WRP, 2019 WL 5198176, at * (D. Haw. Sept. 26, 2019) (citation omitted)). RSCS asserts that the Court should use the amount Plaintiffs sought at trial during closing arguments, $866,581.71. *See* ECF No. 121-1 at 14 (citing ECF No. 121-7 at 5). Plaintiffs do not address this assertion in their Opposition. The Court agrees with RSCS and finds that any award of fees as to Plaintiffs' breach of contract claim must be limited to 25% of $866,581.71, *i.e.*,

13

$216,645.43. The Court finds that the recommended award of attorneys' fees, $215,863.79, is within this statutory 25% limitation.[4]

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendants/ Counterclaimants Refrigeration Systems Construction and Service Co., Inc. and T. Dean Motes' Motion for an Award of Attorneys' Fees and Costs (ECF No. 121). The Court RECOMMENDS that the district court GRANT the Motion as to RSCS' request for $215,863.79 for attorneys' fees incurred in this action. The Court RECOMMENDS that the district court DENY the Motion in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 19, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Pacific Cold Storage, et al. v. Refrigeration Sys. & Constr. Co. Inc., et al.*, Civil No. 20-00165 SOM-KJM: Findings and Recommendation to Grant in Part and Deny in Part Defendant/ Counterclaimant Refrigeration Systems Construction and Service, Co., Inc. and T. Dean Motes' Motion for an Award of Fees and Costs

---

[4] Because the total recommended fees award falls within the statutory 25% limitation as to Plaintiffs' breach of contract claim, the Court need not consider the statutory 25% limitation as to RSCS' breach of contract counterclaim.