IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC COLD STORAGE, a Hawaii registered limited partnership; 50TH STATE POULTRY, INC., <br><br>    Plaintiffs, <br><br>  vs. <br><br> REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC.; T. Dean Motes, <br><br>    Defendants. <br>_____ <br><br> REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC., <br><br>    Counterclaimant, <br><br>  vs. <br><br> PACIFIC COLD STORAGE, a Hawaii registered limited partnership; 50TH STATE POULTRY, INC., <br><br><br>    Counterclaim Defendants. <br>_____ | CIVIL NO. 20-00165 SOM-KJM <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS/COUNTERCLAIMANTS REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC., AND T. DEAN MOTES'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS/COUNTERCLAIMANTS REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC., AND T. DEAN MOTES'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

I.        **INTRODUCTION AND BACKGROUND.**

In 2016, Plaintiff/Counterclaim Defendants Pacific Cold Storage and 50th State Poultry, Inc., decided to upgrade and retrofit a commercial refrigeration system on one of their properties. Plaintiffs hired Defendant/Counterclaimant Refrigeration Systems Construction and Service Co., Inc. ("RSCS") to do the work. The project was completed, but, according to Plaintiffs, the system failed a few years later.

Plaintiffs filed suit, alleging that RSCS and Defendant T. Dean Motes, RSCS's owner, had breached the contract governing the project by installing a defective refrigeration system. RSCS filed a counterclaim alleging that it had not been responsible for the failure of the system, but that Plaintiffs had nevertheless failed to pay for some of the work performed.

At trial, this court pointed out that it appeared that Plaintiffs could not maintain a breach of contract claim against Motes personally, because he had only acted in his capacity as an RSCS agent. Plaintiffs responded by voluntarily dismissing their breach of contract claim against Motes. After this court dismissed a separate negligence claim brought by Plaintiffs, the jury was asked to decide only the two remaining breach of contract claims: Plaintiffs' claim against RSCS, and RSCS's claim against Plaintiffs.

On March 23, 2020, the jury found in favor of RSCS. It determined that RSCS had not breached the contract, but that Plaintiffs had. ECF No. 110. The jury awarded RSCS $77,737.25, the entire amount RSCS had sought in its counterclaim. See ECF Nos. 6, 110.

On May 12, 2022, Motes and RSCS filed a motion for attorneys' fees and costs. ECF No. 121. On July 19, 2022, Magistrate Judge Kenneth J. Mansfield issued his Findings and Recommendation ("F&R"). The F&R recommended granting the motion in part and denying the motion in part. ECF No. 125. On August 2, 2022, Plaintiffs filed objections to Judge Mansfield's F&R. None of those objections is persuasive. This court, finding no clear error in the remainder of the F&R, adopts the F&R.

## II.     STANDARD OF REVIEW.

A district judge reviews *de novo* those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Local Rule 74.1; *Kealoha v. Totto*, 2017 WL 1839280, *2 (D. Haw. May 8, 2017); *Paco v. Meyers*, 2013 WL 6843057, *1 (D. Haw. Dec. 26, 2013). In other words, a district judge "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirectTV,*

*Inc.*, 457 F.3d 1001, 1005 (9th Cir. 2006). The district judge may accept those portions of the findings and recommendation that are not objected to if the district judge is satisfied that there is no clear error on the face of the record. *United States v. Bright*, 2009 WL 5064355, *3 (D. Haw. Dec. 23, 2009); *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**III.    ANALYSIS.**

Plaintiffs object to the F&R on two grounds. First, Plaintiffs contend that Judge Mansfield should have reduced RSCS's claim for attorneys fees because of RSCS's "refusal to negotiate in good faith" during settlement discussions. ECF No. 126, PageID # 1690. Second, Plaintiffs note that Judge Mansfield concluded that Motes was not a prevailing party because Plaintiffs voluntarily dismissed their claim against him. *Id.* at 1695. On that basis, Plaintiffs contend that Judge Mansfield erred by not apportioning the fees incurred in defending against the breach of contract claim. *Id.* Neither objection is persuasive.

As to the first objection, Plaintiffs contend that RSCS's "lack of good faith settlement conduct" prevented the case from settling before trial. *Id.* at 1692. According to Plaintiffs, this court should consider RSCS's refusal to settle as a mitigating factor that should reduce the amount of attorneys' fees that they are liable for. *Id.* at 1693-94.

4

Judge Mansfield rejected that argument. He held that an adjustment to the lodestar amount was not warranted because RSCS had the right to refuse to settle the case and insist on a trial:

> Plaintiffs fail to meet their burden of rebuttal as to the reasonableness of the fees incurred based on an allegation that Defendants should have settled the case earlier. Though the Court will not divulge confidential settlement discussions, it is very familiar with the parties' respective settlement positions. It is enough to say here that both sides were confident in their positions on the merits. Rather than settle, RSCS made an informed, strategic decision to proceed to trial on Plaintiff's breach of contract claim and RSCS's breach of contract counterclaim. Plaintiffs do not dispute that RSCS prevailed on these claims. While the Court agrees that a party should not be rewarded for incurring self-imposed fees, that is not the case here. Under the circumstances, RSCS was within its rights [to] forego early settlement and proceed with trial.

ECF No. 125, PageID # 1685-86 (internal citations omitted).

This court agrees. This court is likewise familiar with the parties' respective settlement positions. At no point did Plaintiffs offer to pay RSCS the entire amount it had requested ($77,737.25). Plaintiffs have never suggested that they would have paid RSCS that amount. The jury awarded RSCS the entire $77,737.25. ECF No. 110, PageID # 1287. Under those circumstances, RSCS was well within its rights to reject a settlement offer that it considered insufficient and to make a

strategic decision to accept the risks of a trial. RSCS's conduct during settlement negotiations was not a mitigating factor. No reduction in the lodestar amount is warranted.

As to the second objection, Plaintiffs argue that because Judge Mansfield concluded that Motes was not a prevailing party, he should have apportioned fees between RSCS, who prevailed, and Motes, who did not. ECF No. 126, PageID # 1694-98 (citing *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000)). In *Gracie*, the Ninth Circuit held that, "as a general matter, a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims." 217 F.3d 1060, at 1069. Despite this general rule, however, "in a specific case apportionment might not be required if it is impossible to differentiate between work done on claims." *Id.* at 1069-70 (internal quotation marks omitted). "In other words, apportionment or an attempt at apportionment is required unless the court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless." *Id.* at 1070.

Plaintiffs contend that the logic of *Gracie* applies equally here. *See* ECF No. 126, PageID # 1698 (arguing that *Gracie*'s "logical legal reasoning" applies outside the context of the Lanham Act). They point out that, if Motes was not a prevailing party, then only the fees incurred on RSCS's behalf

6

are compensable. *Id.* Plaintiffs therefore maintain that some apportionment is necessary. *Id.* And because RSCS and Motes "simply merged and intertwined all their submissions," and "the burden to provide the court with a sufficient record is on the movant," Plaintiffs argue that "the court may divide the application of fees between the movants," reducing RSCS's award by half. *Id.* at 1696.

Plaintiffs did not raise this argument before Judge Mansfield. *See* ECF No. 123. Judge Mansfield noted that "Plaintiffs do not request apportionment between RSCS and Motes," but went on to find that no apportionment was necessary. ECF No. 125, PageID # 1686 ("In any case, the Court finds the above amounts reasonable and compensable as to RSCS and declines to adjust the lodestar amount.").

That conclusion is correct. In *Gracie*, the Ninth Circuit held that an apportionment is necessary unless the court finds that the compensable work was inextricably intertwined with the noncompensable work. 217 F.3d 1060, at 1069-70. This court has no difficulty making such a finding here. Defendants claimed that RSCS breached the contract at issue by performing defective work. Defendants also claimed that Motes (who signed on behalf of RSCS) was personally liable on the same contract and that he was the one who performed or supervised the defective work. *See generally* ECF No. 1-1. In short, the claims against RSCS and

7

Motes personally were identical.  There was no distinction between fees incurred defending RSCS and fees incurred defending Motes.  The claims were so inextricably intertwined that even an estimated adjustment would have been meaningless.  Judge Mansfield correctly declined to order an adjustment.

There are no other objections to Judge Mansfield's F&R. After independently reviewing the remainder of the F&R, this court is satisfied that no clear error appears from the face of the record.  Accordingly, this court adopts the F&R.

**IV.     CONCLUSION.**

The court adopts the F&R in full.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 17, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Pacific Cold Storage, et al. v. Refrigeration Systems Construction and Service Co., Inc., et al.*, Civ. No. 20-00165 SOM-KJM; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS/COUNTERCLAIMANTS REFRIGERATION SYSTEMS CONSTRUCTION AND SERVICE CO., INC., AND T. DEAN MOTES'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS